# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENNIS K. MADISON** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 18-3539** |
| | : | |
| **THOMAS MCGINLEY, et al.** | : | |

# ORDER

**AND NOW**, this 21st day of June 2019, upon careful and independent consideration of the Petition for a writ of *habeas corpus* (ECF Doc. No. 1), Response to the Petition (ECF Doc. No. 9), Judge Hart's May 3, 2019 Report and Recommendation (ECF Doc. No. 14), and no objections, it is **ORDERED**:

1. Judge Hart's comprehensive May 3, 2019 Report and Recommendation (ECF Doc. No. 14) is **APPROVED**;

2. We **DENY** and **DISMISS AS UNTIMELY** the Petition for writ of *habeas corpus* (ECF Doc. No. 1) with prejudice;[1]

3. There is no probable cause to issue a certificate of appealability[2]; and,

4. The Clerk of Court shall **CLOSE** this case.

**KEARNEY, J.**

---

[1] Mr. Madison petitions for a writ of *habeas corpus* arguing "newly discovered evidence." ECF Doc. No. 1. On September 30, 2011, Mr. Madison plead guilty to third-degree murder and conspiracy, and the state court sentenced him to seventeen-and-one-half to forty years imprisonment. *Id.* at p. 19 ¶ 2. He failed to appeal. On November 10, 2016, Mr. Madison filed a petition for post-conviction relief arguing he received an unsworn affidavit from his co-defendant

allegedly recanting statements to the police regarding Mr. Madison's involvement in the murder. ECF Doc. No. 9-2, at p. 114. On July 11, 2017, the postconviction court dismissed his petition. ECF Doc. No. 9-3, at p. 39. The Pennsylvania Superior Court affirmed the dismissal. *Id.* at p. 95. On August 20, 2018, Mr. Madison filed a habeas petition arguing his co-defendant's affidavit constitutes "newly discovered evidence" exonerating him. ECF Doc. No. 1.

On May 3, 2019, Judge Hart recommended we dismiss Mr. Madison's petition as untimely. ECF Doc. No. 14. Judge Hart explained Mr. Madison failed to file his habeas petition within one year after his judgment became final under 28 U.S.C. § 2244. Mr. Madison's judgment became final on October 30, 2011, thirty days after his sentencing and after he failed to appeal. Mr. Madison had until October 30, 2012 to file his habeas petition. He did not petition for habeas relief until August 20, 2018. Judge Hart further found statutory and equitable tolling did not apply. Mr. Madison argues in his habeas petition his co-defendant's unsworn affidavit allegedly recanting his initial statement to the police constituted evidence of "actual innocence" excusing his untimely filing. Judge Hart disagreed explaining our Court of Appeals instructs we review unsworn affidavits—especially those recanting earlier statements—with "great suspicion." *Landano v. Rafferty*, 856 F.2d 569, 572 (3d Cir. 1988). He found Mr. Madison failed to show "actual innocence" because he admitted the Commonwealth had other evidence against him besides his co-defendant's initial statement. He also explained a claim of "actual innocence" could not excuse an untimely petition if the petitioner plead guilty. *See Woldsmit v. Mooney*, 2016 WL 2940449, at *4 (E.D. Pa. Mar. 8, 2016), *report and recommendation adopted*, 2016 WL 2897412 (E.D. Pa. May 18, 2016) ("Courts have rejected claims of actual innocence where the petitioner has pled guilty to the offenses."). Judge Hart found Mr. Madison procedurally defaulted on his habeas claims.

Mr. Madison failed to file objections to Judge Hart's Report and Recommendation. After careful and independent review of Mr. Madison's petition, the District Attorney's Office's Response, and Judge Hart's Report and Recommendation, Mr. Madison's habeas petition is untimely and he fails to show "actual innocence" to excuse his untimely filing. We dismiss Mr. Madison's petition for writ of *habeas corpus*.

---

[2] *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).